UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14090-CIV-MARTINEZ/LYNCH

GLENN C. SMITH,

    Petitioner,

v.

WALTER A. McNEIL, Warden,

    Respondent.
_____/



FILED by ___ D.C.
NOV 14 2011
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON RESPONDENT'S RENEWED MOTION TO TAX COSTS (DE 32)

**THIS CAUSE** comes before this Court upon an Order of Reference and the above Motion. Having reviewed the Motion and the Petitioner's Response, this Court recommends as follows:

    1.    The Petitioner, proceeding pro se, petitioned for habeas corpus relief under 28 U.S.C. § 2254. The District Court denied his Petition, adopting the Report and Recommendation of Magistrate Judge White. The Eleventh Circuit affirmed that denial by written opinion. See Smith v. Sec'y, Fla. Dep't of Corr., 432 Fed.Appx. 843 (11th Cir. 2011). Now, as prevailing party, the Respondent moves to tax his costs. He seeks $19.50 in printing costs.

    2.    The Respondent's motion fails for several reasons. First, he cites no compelling legal authority to support his request to tax costs in a § 2254 collateral proceeding. The only

case law that he cites is <u>Reutter v. Solem</u>, 736 F.Supp. 1028 (D.S.D. 1990), a non-recent case decided outside the 11th Circuit. The other authority upon which he relies are the Rules Governing Section 2254 Cases, although he incorrectly cites to Rule 11 thereof. This Court presumes that he means Rule 12 thereof, which provides that:

> The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.

The Respondent attempts to use Rule 12 of the Rules Governing Section 2254 Cases as a means to invoke Rule 54 of the Federal Rules of Civil Procedure. Rule 54, Fed.R.Civ.P., generally allows a prevailing party to tax its costs.

3. As the rule's plain language indicates, Rule 12 does not apply the Federal Rules of Civil Procedure to § 2254 proceedings either completely or automatically. The Advisory Committee Notes to Rule 12, and the cases discussed therein, reflect the limited applicability of the civil procedural rules.

4. Even if this Court were to find <u>Reutter</u> to be persuasive authority and apply it to this case, this Court would not find the Respondent entitled to relief. Citing the case of <u>Sengenberger v. Townsend</u>, 473 F.3d 914 (9th Cir. 2006), the Respondent objects to the taxing of costs against him on indigency grounds. The Respondent does not reply, either to the <u>Sengenberger</u> case, which declined to tax costs in a habeas corpus

case, or to the Petitioner's Affidavit of Indigency. This Court furthers that neither does the Respondent support his Motion by demonstrating that the printing costs were for papers necessarily obtained for use in the case.

**ACCORDINGLY**, this Court recommends to the District Court that the Renewed Motion to Tax Costs be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 14th day of November, 2011.

```
                                    FRANK J. LYNCH, JR.
                                    UNITED STATES MAGISTRATE JUDGE
```

cc: Hon. Jose E. Martinez
    Lance Eric Neff, AAG
    Glenn Smith, pro se